### United States District Court
### District of Massachusetts

```
_____
                                )
LOLITA WILEY, individually and  )
on behalf of all others         )
similarly situated,             )
        Plaintiff,              )        Civil Action No.
                                )        09-10099-NMG
        v.                      )
                                )
GERBER PRODUCTS COMPANY         )
        Defendant.             )
_____)
```

#### MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Lolita Wiley ("Wiley") filed a class action complaint against Gerber Products Company ("Gerber") alleging various claims under Massachusetts and New Jersey state law sounding in fraud, breach of warranties and intentional misrepresentation. Before the Court is Gerber's motion to transfer this case for the purpose of consolidation with another action.

## I.   Background

The claims arise out of allegedly deceptive packaging for Gerber's Fruit Juice Snacks for Toddlers ("Fruit Juice Snacks" or "Snacks"). Plaintiff contends, in essence, that words and depictions on the packaging conveyed the message that the Fruit Juice Snacks were nutritious when they "were virtually nothing more than candy with a touch of Vitamin C." Plaintiff allegedly

-1-

bought the Snacks based on this deceptive labeling because she was

> seeking healthy snacks for children as she is concerned about their health and is aware of the problems of childhood obesity and diabetes facing many young children due to poor eating habits.

Plaintiff brings suit on behalf of herself and all other consumers who purchased Fruit Juice Snacks during the class period.

This case is not the only one to have been filed based upon Gerber's packaging.  In June, 2005, a nearly identical suit was filed in the United States District Court for the Southern District of California ("the Williams action").  The causes of action are very similar, although the two cases invoke the laws of different states (California in the Williams action and Massachusetts and New Jersey in this case).  Wiley has also added claims for unjust enrichment and declaratory relief here which apparently are not included in the Williams action.  More important and relevant, however, is the similarity of the allegations of packaging deception.  The complaint in this case tracks, virtually verbatim, statements from the complaint in the Williams action.

On March 19, 2009, Gerber filed a motion to transfer this case to the Southern District of California for consolidation with the Williams action.  Plaintiff has opposed the motion.

## III. **Legal Analysis**

### A. **Legal Standard**

Section 1404(a) states

> For the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any
> civil action to any other district or division where it
> might have been brought.

28 U.S.C. § 1404(a).  Accordingly, a court must determine first

whether the case "might have been brought" in the suggested

transferee district and, if so, whether convenience and the

interest of justice favor transfer.  In making that

determination, the Court is mindful that the statute's purpose is

> to prevent the waste of time, energy and money and to
> protect litigants, witnesses and the public against
> unnecessary inconvenience and expense.

Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (citations

omitted).

### B. **Application**

#### 1. **The action could have been brought in California**

Plaintiff contends that transfer should be denied because

this action could not have been brought in the Southern District

of California.  She argues that because plaintiffs in the

Williams action claimed venue based on sales in California and

she is a Massachusetts resident who bought Fruit Juice Snacks in

Massachusetts, venue for this case does not lie in California.

That argument is without merit for several reasons.  Most

fundamentally, however, it is contrary to the venue statute,

-3-

which states that venue is proper wherever any defendant resides. 28 U.S.C. § 1391(a)(1). A corporate defendant resides "in any jurisdiction in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Here, Gerber has consented to personal jurisdiction in California and the action, therefore, "might have been brought" there.

### 2.   Whether transfer is warranted

Having established that the case might have been brought in the Southern District of California, the Court must weigh various factors in deciding whether Gerber has carried its burden of showing that a transfer of this case is appropriate.

### a.   Consolidation

Gerber contends that, although ultimately the California court will decide whether to consolidate the two actions, this Court can and should consider the likelihood of consolidation in making its decision to transfer. Wiley responds that the consolidation question is not before this Court and that in any event, consolidation is improper. As to the latter, she asserts, inter alia, that the parties can coordinate to minimize duplication and that because both cases are in their early stages consolidation will not reduce the length of time to resolution.

Wiley is incorrect on two counts. First, the Court can and should consider consolidation in its decision to transfer. The Manual for Complex Litigation instructs that "[r]elated cases

-4-

pending in different federal courts may be consolidated in a

single district by a transfer of venue [pursuant to 28 U.S.C. §

1404(a)]." Manual for Complex Litigation (Fourth) § 20.12

(2004). Moreover, under the "first-filed" rule,

> Where identical actions are proceeding concurrently in
> two federal courts, entailing duplicative litigation and
> a waste of judicial resources, the first filed action is
> generally preferred in a choice-of-venue decision.

Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.

1987).[1] Furthermore, Wiley's arguments against consolidation

fail to explain the overwhelming similarities between the two

cases. The likelihood of consolidation, therefore, weighs in

favor of transfer.

### b.    Convenience

Gerber contends that convenience favors transfer because the

Williams action is already a reality and one forum is more

convenient than two. Wiley responds, not surprisingly, that

Massachusetts is the more convenient forum. She points out that

Massachusetts is closer to New Jersey, where Gerber is

headquartered, and thus "would not require cross-country travel."

Most documents are apparently also in New Jersey.

Plaintiffs' argument is misplaced because convenience should

---

[1] Wiley argues that this rule does not apply because the
actions are not "identical" but, because other courts have
applied the rule to "similar" actions, her argument is
unconvincing and, in any event, does not rebut the larger point
that consolidation is properly considered on a motion to
transfer.

not be assessed in a vacuum.  As Gerber asserts, the Williams
action is already pending and thus the proper inquiry is not
whether Massachusetts is more convenient than California in the
abstract but instead whether sanctioning a second, nearly
identical action here is more convenient than transferring the
case for the purpose of consolidation.  When considered in that
light, convenience weighs in favor of transfer.

### c.   Applicable Law

Although familiarity with applicable law is a factor often
considered under § 1404(a), Gerber correctly notes that this is
not a typical 1404(a) case because it is a nationwide class
action.  Specifically, the law of any one state necessarily will
not apply to all claims for all class members and choice of law
analysis will therefore be required if a class is to be
certified.  In such case, as Gerber asserts,

> this Court [would] have no special competence, as
> compared to the Southern District of California, to apply
> the law of any of the other forty-nine states.

Wiley ignores this distinctive nature of this case and
contends that this Court's familiarity with Massachusetts law,
under which several claims are brought, weighs against transfer.
Her response is, again, unpersuasive.  Indeed, in her amended
complaint, Wiley added several claims under New Jersey state law
which only undermines her contention that this Court is
especially competent to adjudicate the state laws at issue in

-6-

this dispute.  Familiarity with applicable law, therefore, is a neutral factor.

### d.   Plaintiff's choice

As Wiley asserts, a plaintiff's choice of forum typically weighs strongly against transfer.  E.g., Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) ("The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum.").  Gerber responds, however, that when a plaintiff brings suit on behalf of a nationwide class, her forum choice deserves considerably less weight.  Cf. Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947) ("[W]here there are hundreds of potential plaintiffs ..., the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.")

The logic of Gerber's argument is convincing.  As such, the Court finds that plaintiff's choice of forum weighs, at best, only slightly against transfer.

### e.   Summary

In sum, Wiley's response to Gerber's motion suffers from two fundamental flaws.  First, she seems to contend that the Williams action is an alternative to this case instead of pending litigation to be considered.  Second, Wiley takes the inconsistent and incompatible positions of asserting nationwide

-7-

class allegations in her complaint while, at the same time, contending that this case is not identical to the California action and therefore would be improperly transferred for consolidation.  She cannot have it both ways.

Considering all of the relevant factors, the Court concludes that Gerber has met its burden of showing that a transfer is warranted and is the prudent course "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  <u>Van Dusen</u>, 376 U.S. at 616.


## ORDER

In accordance with the foregoing, the defendant's motion to transfer (Docket No. 3) is **ALLOWED** and the action is hereby transferred to the United States District Court for the Southern District of California.


**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 23, 2009